CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California  91403**
**(818) 205-9955; (818) 205-9944 fax**

E-Mail:  cmay@tharpe-howell.com
E-Mail:  abreuer@tharpe-howell.com

Attorneys for Defendant, DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAH BOYKINS,<br><br>              Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., AND DOES 1 TO 25, INCLUSIVE,<br><br>            Defendants. | Case No.:<br>[*Alameda County Superior Court Case No. 21CV004687*]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**<br><br>Complaint Filed:  December 28, 2021 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant DOLLAR TREE STORES, INC., contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Alameda, to the United States District Court, Northern District of California.  The removal is based, specifically, on the following grounds.

///

///

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## JURISDICTION AND VENUE ARE PROPER

1.      This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391 and 1446.

## PLEADINGS, PROCESS AND ORDERS

3.      On December 28, 2021, Plaintiff MARIAH BOYKINS commenced the above-entitled civil action in the Superior Court for the County of Alameda by filing a Complaint therein entitled *Mariah Boykins v. Dollar Tree Stores, Inc., et al.* Case No. 21CV004687.  True and correct copies of the Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Case Assignment, and Notice of Case Management Conference filed in this matter are attached hereto and incorporated herein by reference collectively as **Exhibit "A."**

4.      On March 9, 2022, the documents comprising **Exhibit "A"** were personally served on DOLLAR TREE STORES, INC., through its agent for service of process.

5.      On March 29, 2022, Defendant DOLLAR TREE STORES, INC., filed and served its Answer to Complaint and Demand for Trial by Jury in the Alameda County Superior Court.  True and correct conformed copies of Dollar Tree's Answer to Complaint and Demand for Trial by Jury are attached hereto and incorporated herein by reference as **Exhibit "B."**

6.      On April 6, 2022, the Alameda Superior Court entered its Order on the Parties' Stipulation to Strike Count from Plaintiff's Complaint.    A true and correct conformed copy of the Stipulation to Strike Count from Plaintiff's Complaint and

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

Order thereon is attached hereto as **Exhibit "C."**

7.    On March 29, 2022, DOLLAR TREE STORES, INC. filed its Case Management Statement with the Alameda Superior Court.    A true and correct conformed copy of the Case Management Statement filed with the Alameda Superior Court is attached hereto as **Exhibit "D."**

8.    The attached exhibits constitute all process, pleadings and orders served by or upon Defendant in this matter.

## DIVERSITY

### A.    Citizenship

9.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

10.    Plaintiff was, at the time of the filing of this action, and presently remains domiciled in the State of California and is therefore a citizen of the State of California.

11.    Defendant DOLLAR TREE STORES, INC. is a Virginia corporation, incorporated in Virginia with its principal place of business in the State of Virginia. Accordingly, DOLLAR TREE STORES, INC. is a citizen of the State of Virginia.

12.    Therefore, complete diversity of citizenship exists as between Plaintiff MARIAH BOYKINS and Defendant DOLLAR TREE STORES, INC.

### B.    Fictitious Does

13.    Defendants DOES 1 to 25, are wholly fictitious.  The Complaint does not set forth the identity, citizenship, or status of any said fictitious defendants.    In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded.  28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).  Accordingly, the mere fact that the Complaint makes reference

- 3 -

to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

14.     Plaintiff's Complaint sets forth causes of action for negligence and premises liability sounding in negligence.  *See,* **Exhibit "A."**  Plaintiff alleges that on January 4, 2020, she was shopping at Defendant's retail store when she slipped and fell on water on the floor.  Although Plaintiff was prohibited from stating a specific amount demanded in her Complaint, Defendant has been able to ascertain through the Complaint and "other paper" that the amount in controversy exceeds $75,000.00.[1]

15.     Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum.  *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *see, McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy.").  This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages."  *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also, Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

16.     A defendant must merely set forth the underlying facts supporting an inference that the amount in controversy exceeds the statutory minimum.  A defendant must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover.  *McPhail*, 529 F.3d at 954-55.  "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. *See, Cal. Code Civ. Proc.* § 425.10.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also*, *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

17.    28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. The term "other paper" under 28 U.S.C. § 1446(b) refers to any document that is part and parcel of state court proceedings having their origin and existence by virtue of the state court processes, or a pre-litigation "other paper."

18.    Here, Defendant served Plaintiff with a Request for Statement of Damages, pursuant to California *Code of Civil Procedure*, Section 425.11, on March 29, 2022.  On April 21, 2022, Plaintiff served her Statement of Damages, setting forth claimed damages in excess of $75,000.00. A true and correct copy of Plaintiff's Statement of Damages is attached hereto and incorporated herein by reference as **Exhibit "E."**

19.    The test for whether the amount in controversy is satisfied is whether there is a "reasonable probability" that the claim exceeds $75,000.  *Scherer v. The Equitable Life Assurance Society of the U.S.,* 347 F.3d 394, 397 (2d. Cir. 2003).  The Ninth Circuit has adopted the "either-viewpoint rule," meaning that the amount in controversy requirement is satisfied if (1) Plaintiff seeks to recover more than $75,000.00 <u>or</u> (2) the recovery Plaintiff seeks will cost the defendant more than the jurisdictional threshold.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

20.     Plaintiff's Statement of Damages constitutes "other paper" and satisfies the amount in controversy requirement.  Therefore, federal jurisdiction is proper.

### TIMELINESS OF REMOVAL

21.     This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by Defendant of Plaintiff's Complaint and Statement of Damages on April 21, 2022, which first indicated that the amount in controversy exceeds $75,000 and the matter is removable. 28 U.S.C. § 1446(b)(3).

22.     Further, the instant removal is brought within one year of the commencement of the underlying action as required by 28 U.S.C. section 1446(c)(1). As noted, Plaintiff filed her Complaint on December 28, 2021.

23.     For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) and removal is proper at this time.

Dated:  May 9, 2022                              THARPE & HOWELL, LLP

By: _____
CHARLES D. MAY
ANDREA BREUER
Attorneys for Defendant,
DOLLAR TREE STORES, INC.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DOLLAR TREE STORES, INC., AND DOES 1 TO 25, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARIAH BOYKINS

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
12/28/2021
Chad Finke, Executive Officer / Clerk of the Court
By: _____ Cheryl Clark _____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Hayward Hall of Justice<br>24405 Amador Street<br>Hayward CA 94544 | CASE NUMBER:<br>*(Número del Caso):*<br>**21CV004687** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sharona Eslamboly Hakim, Esq. 180998    **(310) 289-9100**
8730 Wilshire Blvd., Suite 500 Beverly Hills CA 90211

DATE: 12/28/2021    Clerk, by _____ Cheryl Clark _____ , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

Chad Finke, Executive Officer / Clerk of the Court

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Dollar Tree Stores, Inc.
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**PLD-PI-001**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Sharona Eslambolly Hakim, Esq. SBN: 180998<br>Law Offices of Sharona Eslambolly Hakim<br>8730 Wilshire Blvd., Suite 500<br>Beverly Hills CA 90211<br>TELEPHONE NO: **(310) 289-9100**   FAX NO. *(Optional):* **(310) 289-9101**<br>E-MAIL ADDRESS *(Optional):* **narek@sehlawfirm.com**<br>ATTORNEY FOR *(Name):* **MARIAH BOYKINS** | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**12/28/2021 at 02:02:55 PM**<br>By: Cheryl Clark, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda**
STREET ADDRESS: **24405 Amador Street**
MAILING ADDRESS: **24405 Amador Street**
CITY AND ZIP CODE: **Hayward 94544**
BRANCH NAME: **Hayward Hall of Justice**

PLAINTIFF: **MARIAH BOYKINS**

DEFENDANT: **DOLLAR TREE STORES, INC., AND DOES 1 TO 25, INCLUSIVE**

☑ DOES 1 TO  25, Inclusive

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☐ **AMENDED** *(Number):*
**Type** *(check all that apply):*
☐ **MOTOR VEHICLE**   ☑ **OTHER** *(specify):* General Negligence and Premises Liability
☐ **Property Damage**   ☐ **Wrongful Death**
☑ **Personal Injury**   ☑ **Other Damages** *(specify):* According to Proof

**Jurisdiction** *(check all that apply):*
☐ **ACTION IS A LIMITED CIVIL CASE**
  **Amount demanded**   ☐ **does not exceed $10,000**
          ☐ **exceeds $10,000, but does not exceed $25,000**
☑ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
☐ **ACTION IS RECLASSIFIED by this amended complaint**
    ☐ **from limited to unlimited**
    ☐ **from unlimited to limited**

CASE NUMBER:

**21CV004687**

1. **Plaintiff** *(name or names):* MARIAH BOYKINS

   alleges causes of action against **defendant** *(name or names):*
   **DOLLAR TREE STORES, INC., AND DOES 1 TO 25, INCLUSIVE**

2. This pleading, including attachments and exhibits, consists of the following number of pages: **Five (5)**

3. Each plaintiff named above is a competent adult
   a. ☐ **except plaintiff** *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor   ☐ an adult
          (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*
   b. ☐ **except plaintiff** *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor   ☐ an adult
          (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
*www.courtinfo.ca.gov*

PLD-PI-001

| SHORT TITLE:<br>Boykins v. Dollar Tree Stores, Inc. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*
is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
  a. ☑ **except** defendant *(name):* DOLLAR TREE STORES, INC.
     (1) ☐ a business organization, form unknown
     (2) ☑ a corporation
     (3) ☐ an unincorporated entity *(describe):*

     (4) ☐ a public entity *(describe):*

     (5) ☐ other *(specify):*

  c. ☐ **except** defendant *(name):*
     (1) ☐ a business organization, form unknown
     (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe):*

     (4) ☐ a public entity *(describe):*

     (5) ☐ other *(specify):*

  b. ☐ **except** defendant *(name):*
     (1) ☐ a business organization, form unknown
     (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe):*

     (4) ☐ a public entity *(describe):*

     (5) ☐ other *(specify):*

  d. ☐ **except** defendant *(name):*
     (1) ☐ a business organization, form unknown
     (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe):*

     (4) ☐ a public entity *(describe):*

     (5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☑ Doe defendants *(specify Doe numbers):* 1-15, INCLUSIVE      were the agents or employees of other named defendants and acted within the scope of that agency or employment.
  b. ☑ Doe defendants *(specify Doe numbers):* 16-25, INCLUSIVE      are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
  a. ☐ has complied with applicable claims statutes, **or**
  b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE:<br>Boykins v. Dollar Tree Stores, Inc. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☑ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☑ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☑ property damage
   f. ☑ loss of earning capacity
   g. ☑ other damage *(specify):*
   **According to Proof.**

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☑ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
   **GN-1, Prem.L-1, Prem.L-2, Prem.L-3, Prem.L-5.**

Date: **December 27, 2021**

**Sharona Eslamboly Hakim, Esq.**
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001(2)

| SHORT TITLE:<br>Boykins v. Dollar Tree Stores, Inc. | CASE NUMBER: |
|---|---|

FIRST _____      **CAUSE OF ACTION—General Negligence**      Page 4 _____
    *(number)*

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* **MARIAH BOYKINS**

       alleges that defendant *(name):* **DOLLAR TREE STORES, INC., AND**

       ☑ Does 1 _____ to **25, INCLUSIVE**

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):* **January 4, 2020**
at *(place):* 26781 Mission Boulevard, in the City of Hayward, County of Alameda, State of California.

    *(description of reasons for liability):*

On or about January 4, 2020, Plaintiff MARIAH BOYKINS was seriously injured on Defendants premises located
at 26781 Mission Boulevard, in the City of Hayward, County of Alameda, State of California. On or about January
4, 2020, Defendants, and each of them, negligently and carelessly owned, occupied, maintained, inspected,
supervised, controlled, managed, cleaned, used, repaired, directed and superintended the above-described
premises so as to cause Plaintiff MARIAH BOYKINS to slip and fall when she came into contact with a
dangerous condition on the subject property. As a direct and proximate result of the negligence and
carelessness of Defendants and each of them, Plaintiff MARIAH BOYKINS sustained injuries and damages. Due
to the acts and failures to act, Defendants and each of them are liable for the injuries to Plaintiff MARIAH
BOYKINS.

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001(2) [Rev. January 1, 2007]
**CAUSE OF ACTION—General Negligence**
Code of Civil Procedure 425.12<br>www.courtinfo.ca.gov

PLD-PI-001(4)

| SHORT TITLE:<br>Boykins v. Dollar Tree Stores, Inc. | CASE NUMBER: |
|---|---|

__SECOND__      **CAUSE OF ACTION—Premises Liability**      Page __5__
  (number)

ATTACHMENT TO   ☑ Complaint   ☐ Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* **MARIAH BOYKINS**

alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

On *(date):* **January 4, 2020**      plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury):*
**Plaintiff MARIAH BOYKINS, while at the premises owned, occupied, maintained, leased, used, controlled, managed, directed, inspected, repaired, cleaned, supervised, and operated by Defendants and each of them, located at 26781 Mission Boulevard, in the City of Hayward, County of Alameda, State of California, came into contact with a dangerous and hazardous condition which caused Plaintiff MARIAH BOYKINS to slip and fall, thereby sustaining injuries and damages.**

Prem.L-2.   ☑   **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):*
**DOLLAR TREE STORES, INC., AND**

     ☑ Does **1** to **25, INCLUSIVE**

Prem.L-3.   ☑   **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*
**DOLLAR TREE STORES, INC., AND**

     ☑ Does **1** to **25, INCLUSIVE**

     Plaintiff, a recreational user, was   ☑ an invited guest   ☑ a paying guest.

Prem.L-4.   ☐   **Count Three—Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names):*

     ☐ Does _____ to _____

     a. ☐ The defendant public entity had ☐ actual ☐ constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
     b. ☐ The condition was created by employees of the defendant public entity.

Prem.L-5. a. ☑   **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*
**DOLLAR TREE STORES, INC., AND**

     ☑ Does **1** to **25, INCLUSIVE**

     b. ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
        ☐ described in attachment Prem.L-5.b ☐ as follows *(names):*

Page 1 of 1

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001(4) [Rev. January 1, 2007]

**CAUSE OF ACTION—Premises Liability**

Code of Civil Procedure, § 425.12<br>*www.courtinfo.ca.gov*

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Sharona Eslamboly Hakim, Esq. SBN: 180998<br>Law Offices of Sharona Eslamboly Hakim<br>8730 Wilshire Blvd., Suite 500 Beverly Hills CA 90211<br>TELEPHONE NO.: (310) 289-9100    FAX NO.: (310) 289-9101<br>ATTORNEY FOR *(Name):* MARIAH BOYKINS | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**12/28/2021 at 02:02:55 PM**<br>By: Cheryl Clark, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
Boykins v. Dollar Tree Stores, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **21CV004687**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Two (2)
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 27, 2021

Sharona Eslamboly Hakim, Esq.
_____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title:<br>Boykins v. Dollar Tree Stores, Inc. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[ ] Oakland, Rene C. Davidson Alameda County Courthouse (446)   [✔] Hayward Hall of Justice (447)   [ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes  [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [✔] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>12/28/2021<br>Clad FINO, Exec tive Officer /Clerk of the Court<br>By: _Cheryl Clark_ Deputy<br>C. Clark |
| PLAINTIFF(S):<br>Mariah Boykins | |
| DEFENDANT(S):<br>Dollar Tree Stores, Inc. | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>21CV004687 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | James Reilly |
| DEPARTMENT: | 25 |
| LOCATION: | Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 |
| PHONE NUMBER: | (510) 267-6941 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept25@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**NOTICE OF CASE ASSIGNMENT**

**ASSIGNED FOR ALL PURPOSES TO**
**JUDGE** James Reilly _____
**DEPARTMENT** 25 _____

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

Chad Finke / Executive Officer / Clerk of the Court

By _____

C. Clark, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
**12/29/2021**
Chad Finke , Executive Officer / Clerk of the Court
By: _Molly Schwartz_ Deputy
M. Kautz

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF:
Mariah Boykins

DEFENDANT:
Dollar Tree Stores, Inc.

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
21CV004687

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | |
|---|---|
| Date: 04/07/2022   Time: 3:00 PM   Dept.: 25 | |
| Location: Rene C. Davidson Courthouse | |
| Administration Building, 1221 Oak Street, Oakland, CA 94612 | |

TO DEFENDANT(S)/ATTORNEY(S) OF DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>12/29/2021<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>M. Kautz |
| PLAINTIFF/PETITIONER:<br>Mariah Boykins | |
| DEFENDANT/RESPONDENT:<br>Dollar Tree Stores, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21CV004687 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Sharona Eslamboly Hakim
Law Offices of Eslamboly Hakim
8730 Wilshire Boulevard Suite 500
Beverly Hills, CA 90211

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/29/2021        By:

Chad Finke, Executive Officer / Clerk of the Court

M. Kautz, Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT B

1

2

3

4

5

6

7

**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California  91403**
**(818) 205-9955; (818) 205-9944 fax**

CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819
E-Mail:  cmay@tharpe-howell.com
E-Mail:  abreuer@tharpe-howell.com

Attorneys for Defendant
DOLLAR TREE STORES, INC.

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**03/29/2022 at 11:48:14 AM**
By: Cheryl Clark, Deputy Clerk

8

9

10

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA – RENE C. DAVIDSON COURTHOUSE

11

12

13

14

15

16

17

MARIAH BOYKINS,

                              Plaintiff,

v.

DOLLAR TREE STORES, INC., AND
DOES 1 TO 25, INCLUSIVE,

                              Defendants.

Case No. 21CV004687
*Civil Unlimited Jurisdiction*
*[Assigned to the Hon. James Reilly – Dept. 25]*

**DEFENDANT DOLLAR TREE STORES,
INC.'S ANSWER TO COMPLAINT**

Complaint Filed:  December 28, 2021

18

19

20

        Defendant DOLLAR TREE STORES, INC., for itself alone and for no other defendant, hereby answers plaintiff MARIAH BOYKINS' Complaint and admits, denies, and alleges as follows:

21

22

23

24

        1.        Under the provisions of Section 431.30 of the California *Code of Civil Procedure*, this answering defendant denies both generally and specifically each allegation in said Complaint and the whole thereof, including each and every purported cause of action contained therein, and denies that the plaintiff sustained damages in any sum or sums, or at all.

25

26

27

28

        2.        Further answering plaintiff's Complaint on file herein and the whole thereof, including each and every purported cause of action contained therein, this answering defendant denies that the plaintiff sustained any injury, damage or loss, if any, by reason of any act or omission on the part of this answering defendant, or any agent, servant or employee of this answering

1   defendant.

2   FOR A FIRST, SEPARATE AND

3   DISTINCT AFFIRMATIVE DEFENSE,

4   THIS ANSWERING DEFENDANT ALLEGES:

5   3.     That plaintiff is barred from any recovery herein on the basis that her own negligence

6   was the sole and proximate cause of the accident and injuries sustained herein, but in the event a

7   finding is made that negligence exists on the part of this answering defendant which proximately

8   contributed to plaintiff's injuries and/or damages, plaintiff's amount of recovery, if any, shall be

9   reduced on the basis of her own comparative negligence which contributed to the accident herein

10  and the injuries and/or damages and claims upon which plaintiff is seeking recovery against this

11  answering defendant.

12  FOR A SECOND, SEPARATE AND

13  DISTINCT AFFIRMATIVE DEFENSE,

14  THIS ANSWERING DEFENDANT ALLEGES:

15  4.     That the injuries and damages, if any, sustained by plaintiff were proximately caused

16  by the negligence, carelessness or fault of others, and therefore the plaintiff may recover from this

17  defendant only that apportionment of damages directly attributable to the negligence, carelessness

18  or fault of this answering defendant (which allegation is being made solely for the purpose of this

19  pleading and without admitting such to be the fact).

20  FOR A THIRD, SEPARATE AND

21  DISTINCT AFFIRMATIVE DEFENSE,

22  THIS ANSWERING DEFENDANT ALLEGES:

23  5.     That if it is determined that one or any combination of named or unnamed defendants

24  proximately caused any injury to the plaintiff, any liability for damages against this answering

25  defendant be negated or reduced upon the comparative fault of the remaining co-defendants.

26  ///

27  ///

28  ///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER TO COMPLAINT**

1    FOR A FOURTH, SEPARATE AND

2    DISTINCT AFFIRMATIVE DEFENSE,

3    THIS ANSWERING DEFENDANT ALLEGES:

4        6.      That the Complaint and each of the purported Causes of Action therein complained

5    fail to state a Cause of Action against this answering defendant.

6    FOR A FIFTH, SEPARATE AND

7    DISTINCT AFFIRMATIVE DEFENSE,

8    THIS ANSWERING DEFENDANT ALLEGES:

9        7.      That plaintiff's Complaint herein, and the whole thereof, and each purported cause of

10   action contained therein is barred by the running of the applicable statute of limitations as is

11   embodied in California *Code of Civil Procedure*, Sections 335.1, 338, 339, 340, 343.

12   FOR A SIXTH, SEPARATE AND

13   DISTINCT AFFIRMATIVE DEFENSE,

14   THIS ANSWERING DEFENDANT ALLEGES:

15       8.      That immediately prior to the occurrence of the incident referred to in the Complaint

16   herein, plaintiff failed to use and exercise caution for her own protection, and safety in that among

17   other things Plaintiff freely and voluntarily placed herself in a position so as to be exposed to a

18   likelihood of injury and that at the time and place of said accident, plaintiff was fully aware of the

19   dangers incident thereto and continued to freely and voluntarily expose herself to same, and thereby

20   assumed the risk thereof, and in having assumed the risk, is therefore barred by the assumption of

21   the risk for any recovery herein or the applicable abatement of such recovery, if any, herein.

22   FOR A SEVENTH, SEPARATE AND

23   DISTINCT AFFIRMATIVE DEFENSE,

24   THIS ANSWERING DEFENDANT ALLEGES:

25       9.      That if plaintiff sustained any injuries or damages as a result of the accident or

26   incident complained of herein, then plaintiff proximately caused, aggravated and/or failed to take

27   proper action to reduce and/or mitigate said injuries and damages.

28   ///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER TO COMPLAINT

1

FOR AN EIGHTH, SEPARATE AND

2

DISTINCT AFFIRMATIVE DEFENSE,

3

THIS ANSWERING DEFENDANT ALLEGES:

4

10.    In accordance with the provisions of California *Civil Code* Section 1431, et. seq., the

5

liability of this answering defendant, if any, must be compared with the liability of others including

6

plaintiff herein.  This defendant is not liable for any greater percentage of non-economic damages if

7

any than its percentage of liability bears to 100% liability.

8

FOR A NINTH, SEPARATE AND

9

DISTINCT AFFIRMATIVE DEFENSE,

10

THIS ANSWERING DEFENDANT ALLEGES:

11

11.    Any danger posed by the allegedly dangerous condition was open and obvious, and

12

plaintiff therefore may not hold this answering defendant liable for any damages incurred as a result

13

of her voluntarily encountering an open and obvious risk.

14

FOR A TENTH, SEPARATE AND

15

DISTINCT AFFIRMATIVE DEFENSE,

16

THIS ANSWERING DEFENDANT ALLEGES:

17

12.    The Complaint, and each purported cause of action contained therein, cannot be

18

maintained under the doctrine of laches because of Plaintiff's prejudicial delay in asserting them.

19

ADDITIONAL DEFENSES:

20

13.    Defendant presently has insufficient knowledge or information on which to form a

21

belief as to whether it may have additional, yet unstated affirmative defenses available. Defendant

22

hereby reserves the right to assert additional defenses if discovery indicates that they would be

23

appropriate.

24

WHEREFORE, defendant prays for judgment against plaintiff as follows:

25

1.    The Complaint be dismissed with prejudice;

26

2.    Plaintiff take nothing by way of the Complaint;

27

3.    Judgment be entered in favor of defendant and against plaintiff on all causes of action;

28

4.    Defendant be awarded costs of suit incurred herein; and,

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 4 -

**DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER TO COMPLAINT**

1      5.  Defendant be awarded such other and further relief as this Court may deem just and

2    proper.

3

4  Dated:  March 29, 2022                 THARPE & HOWELL, LLP

5

6                        By: _____

7                            CHARLES D. MAY

8                            ANDREA BREUER
                                Attorneys for Defendant,

9                            DOLLAR TREE STORES, INC.

**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 5 -
**DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER TO COMPLAINT**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.  At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.  My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.  I served copies of the following documents (specify the exact title of each document served):

   **DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER TO COMPLAINT**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Narek Postajian, Esq.<br>LAW OFFICES OF SHARONA ESLAMBOLY HAKIM<br>8730 Wilshire Blvd., Suite 500<br>Beverly Hills, CA  90211<br>Tel: 310.289.9100<br>Fax: 310.289.0101<br>Email: narek@sehlawfirm.com<br>Email: Reanna@sehlawfirm.com | Attorneys for Plaintiff, MARIAH BOYKINS |

5.   a.  ____   **By personal service**.  I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b.  ____   **By United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

      (1)  ____   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

      (2)  ____   placed the envelope for collection and mailing on the date shown below, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Sherman Oaks, California.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER TO COMPLAINT**

c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

e. **X** **By e-mail or electronic transmission.** By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to California Code of Civil Procedure Section 1010.6(e). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 3/29/2022 | Bertha Muñoz | *Bertha Muñoz* |
|:---:|:---:|:---:|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

## DECLARATION OF MESSENGER

___ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date): See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|:---:|:---:|:---:|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32601\Pleadings\Answer.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
03/29/2022 at 11:48:14 AM
By: Cheryl Clark, Deputy Clerk

CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819
E-Mail: cmay@tharpe-howell.com
E-Mail: abreuer@tharpe-howell.com

Attorneys for Defendant
DOLLAR TREE STORES, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA – RENE C. DAVIDSON COURTHOUSE

| | |
|---|---|
| MARIAH BOYKINS,<br><br>     Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., AND<br>DOES 1 TO 25, INCLUSIVE,<br><br>     Defendants. | Case No. 21CV004687<br>*Civil Unlimited Jurisdiction*<br>*[Assigned to the Hon. James Reilly – Dept. 25]*<br><br>**DEFENDANT DOLLAR TREE STORES,<br>INC.'S DEMAND FOR TRIAL BY JURY**<br><br>Complaint Filed: December 28, 2021 |

Defendant DOLLAR TREE STORES, INC. hereby demands trial by jury in this action.

Dated: March 29, 2022

                THARPE & HOWELL, LLP

                By: _____
                  CHARLES D. MAY
                  ANDREA BREUER
                  Attorneys for Defendant,
                  DOLLAR TREE STORES, INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.   At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.   My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.   I served copies of the following documents (specify the exact title of each document served):

**DEFENDANT DOLLAR TREE STORES, INC.'S DEMAND FOR TRIAL BY JURY**

4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Narek Postajian, Esq.<br>LAW OFFICES OF SHARONA<br>ESLAMBOLY HAKIM<br>8730 Wilshire Blvd., Suite 500<br>Beverly Hills, CA  90211<br>Tel: 310.289.9100<br>Fax: 310.289.0101<br>Email: narek@sehlawfirm.com<br>Email: Reanna@sehlawfirm.com | Attorneys for Plaintiff, MARIAH<br>BOYKINS |

5.   a. ____   **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

b. ____   **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

(1) ____   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

(2) ____   placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

*(left margin, rotated)* THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 2 -
**DEFENDANT DOLLAR TREE STORES, INC.'S DEMAND FOR TRIAL BY JURY**

c. **___** **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. **___** **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

e. **X** **By e-mail or electronic transmission.** By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to California Code of Civil Procedure Section 1010.6(e). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 3/29/22 | Bertha Muñoz | *Bertha Munoz* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

## **DECLARATION OF MESSENGER**

**___** **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date): See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| _____ | _____ | _____ |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32601\Pleadings\Demand for Jury.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**DEFENDANT DOLLAR TREE STORES, INC.'S DEMAND FOR TRIAL BY JURY**

# EXHIBIT C

Electronically Received 04/04/2022 03:19 PM

1

**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California  91403**
**(818) 205-9955; (818) 205-9944 fax**

CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819
E-Mail:  cmay@tharpe-howell.com
E-Mail:  abreuer@tharpe-howell.com

Attorneys for Defendant
DOLLAR TREE STORES, INC.

**FILED**
Superior Court of California
County of Alameda

04/06/2022

Chad Fluke, Executive Officer/Clerk of the Court

By: _____ Deputy
P. Greene

2

3

4

5

6

7

SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

COUNTY OF ALAMEDA – RENE C. DAVIDSON COURTHOUSE

9

10

MARIAH BOYKINS,

11

                    Plaintiff,

12

v.

13

DOLLAR TREE STORES, INC., AND
DOES 1 TO 25, INCLUSIVE,

14

15

                    Defendants.

16

17

Case No. 21CV004687
*Civil Unlimited Jurisdiction*
*[Assigned to the Hon. James Reilly – Dept. 25]*

**STIPULATION TO STRIKE COUNT FROM
PLAINTIFF'S COMPLAINT; [~~PROPOSED~~]
ORDER**

Complaint Filed:  December 28, 2021

18

19

        IT IS HEREBY STIPULATED AND AGREED by and between the parties to the above-

20

caption action, by and through their attorneys of record, as follows:

21

        1.        Plaintiff MARIAH BOYKINS ("Plaintiff") filed her Complaint in this action on

22

December 28, 2021.

23

        2.        In her Second Cause of Action—Premises Liability, Plaintiff's Complaint alleges as

24

a Count: "Prem.L-3. Count Two – Willful Failure to Warn" against defendant DOLLAR TREE

25

STORES, INC. and DOES 1 to 25, inclusive.

26

        3.        The parties hereto agree that there is no factual or foundational basis for the Count:

27

"Prem.L-3. Count Two – Willful Failure to Warn."

28

**STIPULATION TO STRIKE COUNT FROM PLAINTIFF'S COMPLAINT;
[~~PROPOSED~~] ORDER**

4.      The parties agree that the following Count shall be stricken from the Complaint in its entirety:  "Prem.L-3, Count Two – Willful Failure to Warn."


        IT IS SO STIPULATED,


Dated:  March 23, 2022                          THARPE & HOWELL, LLP


                                        By: _____
                                            CHARLES D. MAY
                                            ANDREA BREUER
                                            Attorneys for Defendant,
                                            DOLLAR TREE STORES, INC.



Dated:  March 22 , 2022                         LAW OFFICES OF SHARONA
                                                ESLAMBOLY HAKIM


                                        By: _____
                                            NAREK POSTAJIAN, ESQ.
                                            Attorneys for Plaintiff,
                                            MARIAH BOYKINS

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## ORDER

The Parties hereto having Stipulated, the Court ORDERS as follows:

1.  The Count reading "Prem.L-3. Count Two – Willful Failure to Warn" as set forth in the Second Cause of Action for Premises Liability is hereby stricken from the Complaint.

IT IS SO ORDERED,

Date: _____, 2022

_____
HON. JAMES REILLY
JUDGE OF THE SUPERIOR COURT

James Reilly / Judge

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Alameda<br>04/07/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>P. Greene |
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |
| PLAINTIFF/PETITIONER:<br>Mariah Boykins | |
| DEFENDANT/RESPONDENT:<br>Dollar Tree Stores, Inc. | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL**<br>**PROCEDURE 1010.6** | CASE NUMBER:<br>21CV004687 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Stipulation and Order Stipulation To Strike Count From Plaintiff&#39;s Complaint; [Proposed] Order entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

CHARLES D. D. MAY
THARPE & HOWELL, LLP
cmay@tharpe-howell.com

Sharona Eslamboly Hakim
Law Offices of Eslamboly Hakim
sharona@sehlawfirm.com

Narek Postajian, Esq.
LAW OFFICES OF SHARONA
ESLAMBOLY HAKIM
narek@sehlawfirm.com

ANDREA BREUER
THARPE & HOWELL, LLP
abreuer@tharpe-howell.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 04/07/2022

By:

P. Greene, Deputy Clerk

# EXHIBIT D

**CM-110**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Charles D. May, Esq. SBN 129663; Andrea Breuer, Esq. SBN: 161819
THARPE & HOWELL, LLP
15250 Ventura Blvd., 9th Floor
Sherman Oaks, CA 91403
TELEPHONE NO.: 818.205.9955     FAX NO. *(Optional):* 818.205.9944
E-MAIL ADDRESS:
ATTORNEY FOR *(Name):* Defendant, DOLLAR TREE STORES, INC.

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
03/29/2022 at 11:48:14 AM
By: Cheryl Clark, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   ALAMEDA
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

PLAINTIFF/PETITIONER:   MARIAH BOYKINS

DEFENDANT/RESPONDENT:   DOLLAR TREE STORES, INC., et al.

**CASE MANAGEMENT STATEMENT**

*(Check one):*   ☒ **UNLIMITED CASE**
(Amount demanded exceeds $25,000)
☐ **LIMITED CASE**
(Amount demanded is $25,000 or less)

CASE NUMBER:
**21CV004687**

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: April 7, 2022     Time: 3:00 p.m.   Dept.: 25     Div.:     Room:
Address of court *(if different from the address above):*
Administration Building, 1221 Oak Street
Oakland, CA 94612
☒ **Notice of Intent to Appear by Telephone, by *(name):*** Paal H. Bakstad, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒ This statement is submitted by party *(name):*   Defendant, DOLLAR TREE STORES, INC.
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in   ☒ complaint   ☐ cross-complaint   *(Describe, including causes of action):*
      Slip and Fall: General Negligence and Premises Liability.

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. September 1, 2021]

CEB | Essential
ceb.com | Forms

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
*www.courts.ca.gov*

32601

**CM-110**

| PLAINTIFF/PETITIONER: MARIAH BOYKINS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  DOLLAR TREE STORES, INC., et al. | 21CV004687 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Unknown to defendant.  See Plaintiff's Case Management Statement.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☒ a jury trial ☐ a nonjury trial.      *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

See Attachment.

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☒  days *(specify number):*  3-5
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                       f.  Fax number:
e.  E-mail address:                                         g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.
(1)  For parties represented by counsel: Counsel  ☒ has  ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)  For self-represented parties: Party  ☐ has  ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: MARIAH BOYKINS<br><br>DEFENDANT/RESPONDENT:  DOLLAR TREE STORES, INC., et al. | CASE NUMBER:<br>21CV004687 |

10. c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CEB  Essential
ceb.com  Forms

32601

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: MARIAH BOYKINS<br><br>DEFENDANT/RESPONDENT:  DOLLAR TREE STORES, INC., et al. | CASE NUMBER:<br>21CV004687 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate   will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

A stipulation and proposed order to strike the Willful Failure to Warn count is submitted herewith.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Written Discovery to Plaintiff | September 1, 2022 |
| Defendant | Deposition of Plaintiff | October 1, 2022 |
| Defendant | Expert discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CEB Essential
ceb.com Forms

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: MARIAH BOYKINS<br><br>DEFENDANT/RESPONDENT:  DOLLAR TREE STORES, INC., et al. | CASE NUMBER:<br>21CV004687 |

17. **Economic litigation**

 a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

 b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

18. **Other issues**

 ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

19. **Meet and confer**

 a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

 b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

20. Total number of pages attached *(if any)*:  1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this case, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  March 29, 2022

Andrea Breuer
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

CEB | Essential
ceb.com | Forms

32565

# BOYKINS v. DOLLAR TREE STORES, INC.

## CASE NO.:  21CV004687

**ATTACHMENT 6C TO CMC STATEMENT - TRIAL COUNSEL – TRIAL CALENDAR**

05/11/22,  05/17/22,   05/23/22,  06/01/22,  06/02/22,   06/13/22,   06/20/22,   06/21/22,  07/01/22,  07/18/22,   07/19/22,   08/02/22, 08/05/22,   08/12/22,   08/22/22,  08/26/22,  09/06/22,   09/19/22,   09/20/22,   09/27/22,  10/17/22,   10/25/22,   11/08/22,  12/06/22,  12/09/22,  01/13/23,  01/19/23,  01/23/23,   01/24/23, 02/02/23,  02/15/23,  02/23/23,  02/24/23,  02/27/23,  03/07/23,  04/04/23,  04/10/23,  04/17/23, 05/01/23, 06/01/23,  06/20/23,  06/23/23,  12/01/23.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

**CASE MANAGEMENT STATEMENT**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Narek Postajian, Esq.<br>LAW OFFICES OF SHARONA ESLAMBOLY HAKIM<br>8730 Wilshire Blvd., Suite 500<br>Beverly Hills, CA  90211<br>Tel: 310.289.9100<br>Fax: 310.289.0101<br>Email: narek@sehlawfirm.com<br>Email: Reanna@sehlawfirm.com | Attorneys for Plaintiff, MARIAH BOYKINS |

5.    a.  \_\_\_\_    **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b.  \_\_\_\_    **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

     (1)  \_\_\_\_    deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

     (2)  \_\_\_\_    placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

     I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

**CASE MANAGEMENT STATEMENT**

c. ____ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ____ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

e. __X__ **By e-mail or electronic transmission.** By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to California Code of Civil Procedure Section 1010.6. I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 3/29/2022 | Bertha Muñoz | *Bertha Munoz* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

## DECLARATION OF MESSENGER

____ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date): See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| _____ | _____ | _____ |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32601\Pleadings\Def's CMC Statement for 4-7-22 Hrg.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

# EXHIBIT E

1  Sharona Eslamboly Hakim, Esq. State Bar No.: 180998
2  Narek Postajian, Esq., State Bar No.: 306223
   LAW OFFICES OF ESLAMBOLY HAKIM
3  8730 Wilshire Boulevard, Suite 500
   Beverly Hills, California 90211
4  Telephone:  (310) 289-9100
   Facsimile:  (310) 289-9101
5
6  Attorneys for Plaintiff,
   MARIAH BOYKINS

7

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **COUNTY OF ALAMEDA**

10

11  MARIAH BOYKINS,                     CASE NO.: 21CV004687

12                      Plaintiff,       **PLAINTIFF'S STATEMENT OF
                                        DAMAGES [C.C.P. §425.11]**
13  vs.
                                        *Complaint Filed        : December 28, 2021*
14  DOLLAR TREE STORES, INC., AND
    DOES 1 TO 25, INCLUSIVE,
15
16
17                      Defendants.
18

19          PLEASE TAKE NOTICE that in compliance with the Code of Civil Procedure Section

20  425.11, and subject to change for good cause, Plaintiff MARIAH BOYKINS, makes the

21  following claims for damages in the above-entitled action:

22          General Damages in the amount of $1,000,000.

23          Past medical expenses in excess of $50,000.

24          Future medical expenses in excess of $150,000.

25          Incidental Damages according to proof;

26          Prejudgment interest; and,

27  ///

28
                                        1

Cost of suit and such other relief as the Court may deem appropriate.

DATED:  April 20, 2022                    LAW OFFICES OF ESLAMBOLY HAKIM

By _____
SHARONA E. HAKIM, ESQ.
NAREK POSTAJIAN, ESQ.
Attorneys for Plaintiff,
MARIAH BOYKINS

PLAINTIFF'S STATEMENT OF DAMAGES [C.C.P §425.11]

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 8730 Wilshire Boulevard, Suite 500, Beverly Hills, California 90211.

On April 21, 2022, I served the foregoing document, described as **PLAINTIFF'S STATEMENT OF DAMAGES [C.C.P. §425.11]** the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Charles D. May, Esq.
Andrea Breuer, Esq.
THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403
Tel: (818) 205-9955
Fax: (818) 205-9944
E-Mail: cmay@tharpe-howell.com
         abreuer@tharpe-howell.com

**X**      **ELECTRONIC MAIL:**  On above date, I transmitted the document(s) to the email
         address set forth  above. [CCP, Sections 1013(d) Cal. Rules of Court, Rules 2.250 et seq]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 21, 2022, at Beverly Hills, California.

Narek Postajian

3

PLAINTIFF'S STATEMENT OF DAMAGES [C.C.P §425.11]

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.   At the time of service I was at least 18 years of age and **not a party to this legal action.**

2.   My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.   I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT DOLLAR TREE STORES, INC.**

4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Narek Postajian, Esq.<br>LAW OFFICES OF SHARONA ESLAMBOLY HAKIM<br>8730 Wilshire Blvd., Suite 500<br>Beverly Hills, CA  90211<br>Tel: 310.289.9100<br>Fax: 310.289.0101<br>Email: narek@sehlawfirm.com<br>Email: Reanna@sehlawfirm.com | Attorneys for Plaintiff, MARIAH BOYKINS |

5.   a  ____  **By personal service**.  I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

b  ____  **By United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

(1)  ____  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

(2) ___ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

e **X** **By Electronic Transmission**. By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to prior written consent of the party(ies) served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 5/9/22 | Bertha Munoz | *Bertha Munoz* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32601\Pleadings\FEDERAL\Removal.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 8 -

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**